# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* C.M.

No. 19-0324 (Mingo County 18-JA-90)

## MEMORANDUM DECISION

Petitioner Father J.M., by counsel Susan Van Zant, appeals the Circuit Court of Mingo County's February 28, 2019, order terminating his parental rights to C.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Cullen C. Younger, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent, terminating his parental rights, and denying him post-termination visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 11, 2018, the DHHR filed an abuse and neglect petition alleging that petitioner was arrested after he was seen "passed out" in his vehicle in the parking lot of a restaurant while the child was also in the vehicle. The arresting police officer found a large amount of cash along with a bag of various pills. The pills were identified as gabapentin, oxymorphone, and alprazolam. Petitioner was charged with reckless driving, driving under the influence with a minor, possession with intent to deliver, and child neglect creating the risk of injury. When a Child Protective Services ("CPS") worker spoke to petitioner, petitioner reported that he moved in with his mother "to get his life together" after he and his ex-girlfriend broke up. He stated that the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

couple had broken up on the day of his arrest and that the ex-girlfriend broke into his home and mixed up his medications. He claimed that he took medications the day he was arrested but did not know which ones. The child's mother, who resided in Kentucky, was notified of petitioner's arrest by a family member, came to get the child, and took him back to Kentucky with her. A Kentucky CPS worker interviewed the mother and the child regarding the incident. The eight-year-old child reported that he came home early from his visit with petitioner because petitioner was "driving bad and got arrested." He stated that he believed petitioner was "really sleepy" but did not know why. The child also explained that he had seen petitioner take pills a few times but did not know why he took the pills and did not see petitioner take any pills on the day of the arrest.

On September 13, 2018, the circuit court held a preliminary hearing during which the DHHR presented evidence regarding petitioner's arrest and the subsequent interview with the child. Based on the evidence presented, the circuit court found probable cause to believe that petitioner failed to protect the child and that the child was in imminent danger. The child was placed in the mother's physical custody. The circuit court ordered petitioner to drug screen immediately following the hearing and scheduled the adjudicatory hearing.

On October 24, 2018, the circuit court held an adjudicatory hearing. The circuit court took judicial notice of the evidence presented during the preliminary hearing and confirmed that petitioner's prior drug screen was positive for amphetamine and methamphetamine. Although petitioner did not testify or present any evidence, counsel for petitioner informed the circuit court that petitioner enrolled in substance abuse treatment. The court found that petitioner abused and neglected the child based upon his substance abuse, ordered the multidisciplinary team meet to create a case plan, and granted petitioner supervised visitation with the child.

On January 3, 2019, the circuit court held a dispositional hearing. Petitioner did not appear for the hearing, but was represented by counsel. The circuit court took judicial notice of evidence from the prior hearings, then heard testimony from a CPS worker who testified that petitioner failed to appear for drug screens nine out of ten times. The drug screen that he did appear for was diluted, which was considered a failed screen. The CPS worker recommended the termination of petitioner's parental rights. On cross-examination, the CPS worker testified that petitioner failed to make any "necessary changes" and failed to follow through with the requirements of his case plan. The CPS worker explained that she made repeated efforts to contact petitioner, but she never heard back from him. In regard to further contact between petitioner and the child, the CPS worker explained that the DHHR "would have considered that, but at this time it seems more harmful because [petitioner] does not seem to be stable at all and, as a matter of fact, no one knows where he's at. His mother even states she doesn't know where he is." After the presentation of testimony, the circuit court expressed that it had "great concern" that petitioner was unable to care for the child and that "the child was in the vehicle when [petitioner] was arrested for driving under the influence under pretty severe circumstances and he has not participated in any of the recommendations and the orders from this Court." The circuit court then found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the child's best interests.

On February 20, 2019, the circuit court held a status hearing in the matter. Petitioner did not attend but was represented by counsel. The DHHR reported that petitioner's whereabouts

remained unknown. Ultimately, the circuit court terminated petitioner's parental rights in its February 28, 2019, order. However, the court granted petitioner supervised telephone calls with the child. Petitioner now appeals the dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. Petitioner asserts that there was "no evidence presented that [he] abused his child." He also contends that the DHHR "failed to present credible evidence sufficient for the circuit court to make a finding that the child was abused by clear and convincing evidence." We disagree.

"'Abusing parent' means a parent, guardian, or other custodian, regardless of his or her age, whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse *or neglect*." W. Va. Code § 49-1-201 (emphasis added). A "neglected child" means a child "whose physical or mental health is harmed *or threatened* by a . . . failure or inability of the child's parent . . . to supply the child with necessary . . . supervision." W. Va. Code § 49-1-201, in part (emphasis added). Further,

> "W.Va. Code [§ 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). The circuit court correctly adjudicated petitioner as an abusing parent based on the evidence that he neglected the child. Here, the record shows that petitioner was arrested for driving under the influence of substances with the child in the car. Petitioner admitted that he did not know what medications he

---

[2]The mother is a nonabusing parent. She has full custody of the child.

took that day. The child reported that petitioner was "really sleepy" and was "driving bad and got arrested." Clearly the child's physical wellbeing was threatened while he was riding in a vehicle with petitioner who was under the influence.

Moreover, while he argues that the DHHR's evidence was insufficient, petitioner offered no testimony or evidence in rebuttal. We have held that

> [b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Syl. Pt. 2, *W. Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W. Va. 489, 475 S.E.2d 865 (1996). As such, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Next, we find no error in the circuit court's termination of petitioner's parental rights."[3] Petitioner alleges that the termination of his parental rights was contrary to the child's best interests. We do not agree.

West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare

---

[3]In support of this assignment of error, petitioner argues that the circuit court violated his due process rights by holding him "accountable for allegations not pled in the petition." Petitioner fails to support this assertion with any legal analysis, authority, or citation to the record in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal. . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. "[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Therefore, this argument will not be considered on appeal.

of the child. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record shows that petitioner was arrested for driving a vehicle while under the influence with the child inside; tested positive for amphetamine and methamphetamine after the preliminary hearing; failed to attend nine out of ten of his scheduled drug screens; provided a diluted screen, which was considered failed; and failed to complete any substance abuse treatment during the proceedings. Additionally, petitioner absented himself from the proceedings, including failing to respond to efforts by the DHHR to contact him, and failed to attend the final two hearings in this matter. While petitioner argues on appeal that he missed the hearings because he was seeking employment, this assertion is not supported by any evidence in the record. Based on the foregoing, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was in the child's best interest. Accordingly, we find no error with the circuit court's termination of petitioner's parental rights.

Finally, petitioner argues that the circuit court erred in denying him post-termination visitation with the child because he has a bond with the child. We do not find petitioner's argument compelling. In regard to post-termination visitation, we have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). The record shows that visitation with petitioner was not in the child's best interests due to petitioner's failure to comply with his family case plan or participate in the proceedings. The CPS worker explained at the dispositional hearing that visitation with petitioner would be harmful to the child due to petitioner's instability. Additionally, at the time of the dispositional hearing, petitioner's whereabouts were unknown. Nevertheless, the circuit court granted petitioner supervised telephone calls with the child. Therefore, the circuit court did not abuse its discretion in denying petitioner's request for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 28, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 8, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison